IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANG DUONG,
         Petitioner,
  vs.
BEN CURRY, Warden,
         Respondent.

No. C 07-01185 JW (PR)

ORDER TO SHOW CAUSE

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole's ("BOP") December 7, 2005 decision to deny him parole. Petitioner has paid the filing fee.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for Santa Clara County of second degree murder and sentenced to 15 years to life in state prison. (Pet. 1.)

Order to Show Cause
N:\Pro - Se\7.9.2007\07-01185 Duong01185_osc.wpd

Petitioner has been found not suitable for parole each time he has appeared before the BOP. According to the petition, the December 7, 2005 decision was petitioner's fourth denial of parole. (Pet. 5.) On November 15, 2006, the Supreme Court of California denied his challenge to the BOP's latest decision. Petitioner filed the instant federal habeas petition on February 28, 2007.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BOP's December 7, 2005 decision finding him not suitable for parole on the following grounds: 1) due process was violated by the BOP's consideration of the commitment offense which is no longer reliable evidence in predicting petitioner's current threat to public safety; 2) the BOP violated due process by not considering his individual offense behavior; and 3) the hearing officer's personal bias in rendering the decision to deny parole violated due process. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent. See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest

in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.


    4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED:   July 9 2007

*James Ware*
JAMES WARE
United States District Judge

Order to Show Cause
N:\Pro - Se\7.9.2007\07-01185 Duong01185_osc.wpd          4